IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| VIVIAN M. KELLEY,<br>    Plaintiff,<br><br>v.<br><br>UNIVERSITY OF RICHMOND,<br>    Defendant. | Civil Action Number 3:06CV203-JRS |

**MEMORANDUM OPINION**

THIS MATTER comes before the Court upon Defendant University of Richmond's Motion to Dismiss Plaintiff's Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6) and Local Rule of the Eastern District of Virginia 7 on the ground that Plaintiff Vivian M. Kelley failed to state a claim for which relief may be granted. For the reasons set forth below, Defendant's Motion to Dismiss is hereby GRANTED.

**Background**

Plaintiff seeks relief after being removed from classes at the University of Richmond, School of Continuing Studies for non-payment of tuition fees. On February 28, 2006, Ned K. Swartz, Assistant Dean of Administration sent Plaintiff a letter requesting tuition payments for her enrollment in three 3-semester hour courses. The letter requested that she make arrangements for payment or full payment by March 6, 2006. Ms. Kelley alleges she did not receive the request until March 10, 2006. In a letter dated March 6, 2006, Assistant Dean Swartz gave Ms. Kelley an extension to respond until March 10, 2006. Plaintiff alleges she did not receive this letter until March 13, 2006. On March 14, 2006, Assistant Dean Swartz sent a letter to Ms. Kelley informing

her that since the University had not received communications from her regarding payment arrangements, she was officially withdrawn from her courses for non-payment of tuition.

Ms. Kelley's original petition alleges violations of the Americans with Disabilities Act, § 504 of the Rehabilitation Act of 1973, discrimination based on her veteran's status, deprivation without due process under the Fourteenth Amendment of the Constitution, violations of 5 U.S.C. § 7703(c) and 38 U.S.C. Chapter 35[1] based on the University's decision to expel her from the continuing studies program for failure to pay her tuition. Ms. Kelley seeks damages for the interruption of her education, stress, and intentional infliction of emotional distress. Ms. Kelley also requests the Court order make up of all work lost in her classes.

On or about March 17, 2006, Ms. Kelley filed a Petition in the Circuit Court of the City of Richmond against the University of Richmond ("University"). On March 29, 2006, the University removed the matter to federal court. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1441.

## Discussion

**A.    Standard of Review**

The function of a motion to dismiss is to test the law governing claims, not the facts which support them. See Conley v. Gibson, 355 U.S. 41, 45–46 (1957). When considering such a motion, the Court must presume that all factual allegations in the complaint are true. See Puerto Rico ex. rel. Quiros v. Alfred L. Snapp & Sons, 632 F.2d 365, 367 (4th Cir. 1980). A motion to dismiss

---

[1] It is unclear from the face of Plaintiff's petition to which statute she refers. She states she was "enrolled in the school under the Veterans Affairs, Chapter 35." Petition at 1. No inquiry is necessary however, since her claim of discrimination based on her veteran's status is subsequently withdrawn in her response.

under Fed. R. Civ. P. 12(b)(6) should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of her claim. See Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989). The Complaint of a pro se litigant, must be construed liberally. See Haines v. Kerner, 404 U.S. 519, 520–21 (1972) (stating that allegations by pro se plaintiffs are held to less stringent standards than formal pleadings drafted by lawyers).

When ruling on a motion to dismiss, a court may consider not only allegations in the complaint, but also dispositive documents that are either attached to or referenced in the complaint. Size, Inc. v. Network Solutions, Inc., 255 F. Supp. 2d 568, 571 (E.D. Va. 2003) (stating a court may consider a document relied upon by plaintiff in his Complaint, without converting the motion to dismiss into a motion for summary judgment).

### B.     Plaintiff's Withdrawn Discrimination Claims

Plaintiff voluntarily withdraws most of her original claims against Defendant.[2]  Plaintiff alleges she is not bringing an action for disability discrimination. She further asserts that she does not make any claim under the Americans with Disabilities Act, or the Rehabilitation Act of 1973, and that she is not bringing a claim for discrimination based on her Veteran's status. Pl.'s Resp. to Mem. at 4–5. Since Plaintiff has voluntarily withdrawn her discrimination claims, her due process and harmful error claims are the only claims that remain.

---

[2] Defendant suggests this Court not consider Plaintiff's Response to its Motion to Dismiss, since Plaintiff filed her Response one-day late, and did not seek leave to file it out of time. Defendant filed its Motion to Dismiss on April 10, 2006. Defendant also filed a notice in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 2005) informing Plaintiff that any response must be filed within twenty (20) days of the date on which the dispositive motion is filed. Plaintiff's Response to the Motion to Dismiss was filed one day late, on May 2, 2006. Despite its untimeliness, this Court will consider the claims alleged in this pro se Plaintiff's Response.

### C. No Due Process Requirement Existed

Plaintiff asserts that she has been deprived of her liberty of academic freedom without due process. The Fourteenth Amendment prohibits state action that deprives individuals of life, liberty, or property without due process of law. U.S. Const. Amend. XIV.

To establish a case for deprivation under the Fourteenth Amendment, Plaintiff must show that a state actor deprived her of a property right. The University is not a state actor, but a private institution. See Rendell-Baker v. Kohn, 457 U.S. 830, 841–43 (1982). Plaintiff incorrectly asserts that since the University is open to the public, it qualifies as a state actor. Plaintiff is also unable to show that she was deprived of a property right. This Court has held that a student has no property interest in her education. Davis v. George Mason Univ., 395 F. Supp. 2d 331, 335 (E.D. Va. 2005) (holding a former student has no property interest in continued enrollment at a university).

Since the University is not a state actor, and a private education at the University is not a protected property interest, Plaintiff's claims of a due process violation under the Fourteenth Amendment, fail as a matter of law. Plaintiff's reference to "liberty of academic freedom" is unsupported by case law. She relies on United States v. Reinhardt College, 597 F. Supp. 522 (N.D. Ga. 1983) as her support for this liberty. However, in Reinhardt College, the federal government sought to recover from the Defendant funds erroneously paid under the Veteran's Affairs Educational Assistance Program to students who no longer attended the College. The court held the College's obligation to report attendance status to the Veteran's Administration was constitutional and did not violate the *college*'s academic freedom. Plaintiff's reliance on this case for the proposition that the University deprived her of her liberty of academic freedom, is completely misplaced. Accordingly, Plaintiff's claim of deprivation of due process fails.

**D.      Plaintiff's Harmful Error Claim is Inapplicable**

In Plaintiff's Petition, she alleges Defendant's interruption of her education without notice constitutes Harmful Error pursuant to 5 U.S.C. § 7703(c). This statute involves judicial review of the Merit Systems Protection Board for federal government employees. Plaintiff's reliance on this statute is inappropriate, as she does not allege that she is a federal employee. She also does not allege that she is entitled to judicial review as a federal government employee. This claim does not apply to the facts in Plaintiff's complaint.

**E.      The University's Alleged Violation of the Fair Debt Collection Practices Act (FDCPA) is Inapplicable**

In her Response to the University's Motion to Dismiss, Plaintiff alleges for the first time that the University violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1610 et seq. This claim was not raised in Plaintiff's initial complaint and is inappropriately raised for the first time in her Response. Plaintiff also failed to file an amended complaint pursuant to Fed. R. Civ. P. 15. On this basis, Defendant contends that Plaintiff's new theory should be disregarded, and that any claim for violation of the FDCPA be dismissed.

The Court will briefly consider Plaintiff's FDCPA claim, and find the University is not subject to the Act. The FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692(a). The University, being principally in the business of education does not qualify as a creditor under the statute. "Creditors who collect in their own name and whose principal business is not debt collection, therefore, are not subject to the

5

[FDCPA]." <u>Aubert v. Am. Gen'l Fin., Inc.</u>, 137 F.3d 976, 978 (7th Cir. 1998).  Plaintiff contends that Assistant Dean Ned Swartz failed to identify himself as a "debt collector" for the University of Richmond.  Assistant Dean Swartz cannot be considered a debt collector because that definition specifically excludes "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor."  15 U.S.C. § 1692(a)(6)(A).  The University does not qualify as a creditor, nor does Assistant Dean Swartz meet the criteria for a "debt collector" under the FDCPA.  This claim is dismissed as well.

## Conclusion

For the reasons stated above, Defendant's Motion to Dismiss for failure to state a claim for which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6) is hereby GRANTED.  Plaintiff's Complaint is DISMISSED.

Plaintiff is advised that she has a right to appeal the decision of this Court.  Under Federal Rules of Appellate Procedure 3 and 4, any written Notice of Appeal must be filed with the Clerk of this Court within thirty (30) days from the date of entry of this Opinion and accompanying Order.  Failure to file a timely notice of appeal waives the right to an appeal.  An appropriate Order shall issue.

                                                    /s/ James R. Spencer
                                        CHIEF UNITED STATES DISTRICT JUDGE

ENTERED this   2nd   day of June 2006